UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
CASE NO.:

Jorge I. Ramos,
and other similarly
situated individuals,

    Plaintiff(s),

v.

K & T Professional Stone
Installation LLC,
Esteban T. Lobos,
And Karen O. Carcamo,
individually,

    Defendants,
_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Jorge I. Ramos and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants K&T Professional Stone Installation LLC, Esteban T. Lobos, and Karen O. Carcamo, individually, and alleges:

### Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages under United States laws. This Court has jurisdiction pursuant to the Fair

Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Jorge I. Ramos is a Duval County, Florida resident, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act. Plaintiff's complete name is Jorge I. Ramos Maldonado.

3. Defendant K&T Professional Stone Installation LLC (from now on, K&T Professional, or Defendant) is a Florida Limited Liability Company. Defendant has a place of business in Duval County within this Honorable Court Jurisdiction. Defendant was and is engaged in interstate commerce.

4. The individual Defendants, Esteban T. Lobos and Karen O. Carcamo, were and are now the owners/partners/officers and managers of Defendant corporation K&T Professional. These individual Defendants were the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint occurred in Duval County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiff Jorge I. Ramos as a collective action to recover from Defendants overtime compensation, liquidated

damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after March 2020, (the "material time") without being adequately compensated.

7. Defendant K&T Professional was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a construction specializing in the installation of stonework applied to walls and countertops. The company provides services to commercial and residential clients. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the combined annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

8. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated, through their daily activities, participated in interstate commerce by providing services to clients engaged in interstate commerce. In addition, Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

9. Defendants K&T Professional, Esteban T. Lobos, and Karen O. Carcamo employed Plaintiff Jorge I. Ramos as a non-exempted, full-time employee from July 01, 2018, to approximately March 01, 2023, or almost five years. However, for FLSA purposes, Plaintiff's relevant employment period is 153 weeks.

10. During the relevant period, Plaintiff performed as a stone cutter and installer, and he was paid an hourly rate of $15.00. Plaintiff's overtime rate should be $22.50.

11. While employed by Defendants, Plaintiff worked six days per week, from Monday to Saturday, from 6:00 AM to 5:00 PM (11 hours daily) or later. Plaintiff worked a minimum of 60 hours weekly. Plaintiff has already deducted six hours of lunchtime (1 hour of lunchtime daily x six days= 6 hours).

12. Plaintiff was paid 20 working hours, or $300.00, with a company check. The remaining 40 hours, or $600.00, were paid in cash or personal check. Plaintiff was paid for all his hours at his regular rate.

13. Every week, Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours as required by law.

14. Plaintiff did not clock in and out, but Defendants were in absolute control of Plaintiff's schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

15. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

16. Plaintiff was paid with a combination of company checks and cash, with paystubs that did not provide accurate information such as the actual number of days and hours worked and wage rate paid, employee taxes withheld, etc.

17. On or about March 01, 2023, Plaintiff was forced to leave his employment due to work-related lung disease.

18. Plaintiff Jorge I. Ramos seeks to recover unpaid overtime wages for every hour worked over 40 during his relevant employment period, liquidated damages, and any other relief as allowable by law.

## Collective Action Allegations

19. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

20. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular and overtime hour worked at the rate of time and one-half their regular rate.

21. This action is intended to include every construction employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

22. Plaintiff Jorge I. Ramos re-adopts every factual allegation stated in paragraphs 1-21 above as if set out in full herein.

23. This cause of action is brought by Plaintiff Jorge I. Ramos as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the

Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after March 2020, (the "material time") without being adequately compensated.

24. Defendants K&T Professional, Esteban T. Lobos, and Karen O. Carcamo employed Plaintiff Jorge I. Ramos as a non-exempted, full-time employee from July 01, 2018, to approximately March 01, 2023, or almost five years. However, for FLSA purposes, Plaintiff's relevant employment period is 153 weeks.

25. During the relevant period, Plaintiff performed as a stone cutter and installer, and he was paid an hourly rate of $15.00. Plaintiff's overtime rate should be $22.50.

26. While employed by Defendants, Plaintiff worked six days per week, a minimum of 60 hours weekly. Plaintiff has already deducted six hours of lunchtime (1 hour of lunchtime daily x six days= 6 hours).

27. Plaintiff was paid 20 working hours, or $300.00, with a company check. The remaining 40 hours, or $600.00, were paid in cash or personal check. Plaintiff was paid for all his hours at his regular rate.

28. Every week, Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours as required by law.

29. Plaintiff did not clock in and out, but Defendants were in absolute control of Plaintiff's schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

30. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

31. Plaintiff was paid in cash, with paystubs that did not provide accurate information such as the actual number of days and hours worked and wage rate paid, employee taxes withheld, etc.

32. On or about March 01, 2023, Plaintiff was forced to leave his employment due to work-related lung disease.

33. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Accordingly,

Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

34. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

35. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       Twenty-Two Thousand Nine Hundred Fifty Dollars and 00/100 ($22,950.00)

    b. <u>Calculation of such wages</u>:

       Total period of employment: more than 4 years
       Relevant weeks of employment: 153 weeks
       Total number of hours worked: 60 hours weekly
       Total number of unpaid O/T hours: 20 O/T hours
       Hourly rate: $15.00 x 1.5=$22.50 O/T rate
       O/T rate: $22.50-$15.00 O/T rate paid=$7.50 O/T difference
       Half-time: $7.50 an O/T hour

       $7.50 x 20 O/T hours=$150.00 weekly x 153 weeks=$22,950.00

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

This amount represents unpaid half-time overtime wages.[1]

36. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

37. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

38. At times mentioned, individual Defendants Esteban T. Lobos and Karen O. Carcamo were, and are now, the owners/partners/and managers of K&T Professional. Defendants Esteban T. Lobos and Karen O. Carcamo were the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. These

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

individual Defendants acted directly in K&T Professional's interests concerning its employees, including Plaintiff and others similarly situated. Defendants Esteban T. Lobos and Karen O. Carcamo had financial and operational control of the business, determining Plaintiff's terms and conditions of employment. Accordingly, they are jointly and severally liable for Plaintiff's damages.

39. Defendants K&T Professional, Esteban T. Lobos, and Karen O. Carcamo willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

40. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action, and he is obligated to pay a reasonable Attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Jorge I. Ramos and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Jorge I. Ramos and other similarly situated individuals and against the Defendants K&T Professional, Esteban T.

Lobos, and Karen O. Carcamo based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Jorge I. Ramos actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Jorge I. Ramos demands a trial by a jury of all issues triable as of right by a jury.

Date: March 30, 2023

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*